SOUTHWEST JOINT STOCK LAND BANK, RESPONDENT, v. C. C. NORTH-COTT ET AL., APPELLANTS.—73 S. W. (2d) 459.

Kansas City Court of Appeals. June 11, 1934.

*Jerry M. Jeffries* for respondent.

*Waldo Edwards* and *John V. Goodson* for appellants.

REYNOLDS, C.—This cause originated in the Circuit Court of Macon County. The petition was filed on July 27, 1932. It is a suit for an alleged balance due upon a promissory note for $9,000, executed by appellants on the first day of January, 1925, to the Equitable Joint Stock Land Bank, afterwards, on October 10, 1926, assigned by said Land Bank to the respondent. It was payable in sixty-five semi-annual installments of $315 each—except the last, which was for $262.63—which said installments were due one each on the first days of January and July each year, until all were paid. The last installment was, by the terms of said note, to become due on January 1, 1958. It was provided by the terms of said note that, in case of default in the payment of any installment, then or at any

time thereafter during the continuance of such default, the legal holder thereof might, without notice, declare the whole debt immediately due and payable.

It appears that, at the time of the execution of said note, the appellants secured the payment thereof by the execution of a deed of trust conveying certain lands of which they were the owners to a trustee named therein in trust with power of sale. The petition alleges the execution of said note and the assignment thereof to respondent. It alleges that, thereafter, appellants made default in the payment of the installment falling due thereon July 1, 1931; that respondent thereupon declared the whole debt immediately due and payable; that, at such time, there was due upon said note the principal sum of $8,612.21; that a foreclosure was thereupon had of the deed of trust securing the payment of said note; that the lands conveyed thereby were sold on September 19, 1931, at which sale the same brought the sum of $6,000; and that said sum was credited on said note, leaving a balance due thereon at such time of $2,763.40, for which, with interest thereon at the rate of six per cent per annum, judgment was asked. The appellants made answer to the petition in said suit in two counts, in each of which they admitted the execution of the note and deed of trust, the assignment thereof to respondent, and the sale of the land described in said deed of trust thereafter by the trustee and in each of which they tendered a general denial as to all other allegations thereof. Other defenses were interposed in each of the said counts, some of which were in their nature equitable; and, upon such equitable features, affirmative relief was sought. Such defenses, in the view we take of this appeal, are not necessary to be set out.

Upon a trial had before the court without a jury, on April 25, 1933, during the regular April term of the court, the respondent introduced the note sued upon, with the credits endorsed thereon, and rested. The appellants thereupon interposed a request for a declaration of law by the court in the nature of a demurrer to the case as made by respondent, which was by the court refused. Thereupon, the appellants introduced their evidence, which was followed by other evidence by the respondent in rebuttal. At the close of the whole evidence, the appellants again requested an instruction for a directed finding in their behalf, which was again by the court refused. The cause being submitted to the court, it found the issues for the respondent and ordered judgment for the respondent in the sum of $2,763.40 with interest at six per cent. From such judgment, after unsuccessful motions for new trial and in arrest, this appeal is prosecuted.

### OPINION.

Among the errors assigned by appellants on this appeal is one to the effect that the court erred in refusing their request for directed

findings, both at the close of respondent's case and at the close of the whole case; another to the effect that the finding of the court was unauthorized and against the evidence and that the court committed error in finding for the respondent; and another to the effect that the court's judgment and decree was against the weight of the evidence and therefore erroneous and against the law and therefore erroneous.

1—In support of their contentions, the appellants urge that respondent failed to make a submissible case by the mere introduction of the note with the endorsements of certain payments thereon and that such was not sufficient and did not show any default in payment of the installment due July 1, 1931, as alleged in respondent's petition, by which default the entire indebtedness on said note might, at the option of respondent, have become due and payable at the time of the institution of this suit or the rendition of the judgment herein. The contention appears to be well taken. The mere fact that an installment does not appear endorsed upon a note as paid is not sufficient to show that such payment has not been made. It has no tendency to prove it. There is no law requiring that a payment, if made, shall, when made, be endorsed upon the note. [McCorkle v. Miller, 64 Mo. App. 153.] There must be independent evidence to show the default. Without such default, respondent had no right to judgment upon any installment of said note that was not, at the time of said judgment, due upon the face of the note and unpaid. The judgment did include many of such installments that were not due upon the face of the note, and no default in the payment of any previous installment was shown. It follows that the judgment appealed from must therefore be reversed. It becomes unnecessary, upon this appeal, to consider other defenses made or points presented in the briefs. The judgment is accordingly reversed and the cause remanded. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is reversed and cause remanded. All concur.